**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Melissa A. Boulanger

    v.                                  Civil No. 13-cv-153-SM

Commissioner, United States Social
Security Administration

**REPORT AND RECOMMENDATION**

Pro se claimant Melissa A. Boulanger has filed an action challenging the denial of Supplemental Security Income ("SSI") benefits by the Social Security Administration ("SSA").  On September 6, 2013, this court issued an order (doc. no. 3) directing Boulanger to amend her complaint to clearly state the legal and factual basis for any claim she seeks to litigate in this court.  Belanger has now filed an addendum (doc. no. 4) to the complaint (doc. no. 1) in response to that order, and the complaint and complaint addendum are before the court for preliminary review.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).[1]

---

[1] In the order to amend, the court set forth the standard applied in the preliminary review of pro se complaints, and does not reiterate the standard here.

**Background**

This matter arises out of Boulanger's claim for SSI benefits, which she originally filed on August 16, 2000. Boulanger asserts that on August 14, 2002, an SSA Administrative Law Judge ("ALJ") issued a "fully favorable" decision, finding that Boulanger was disabled for purposes of qualifying for SSI benefits.  The ALJ's decision advised Boulanger that her local SSA office would determine her eligibility for benefits based on factors other than her disability.

On October 18, 2002, Boulanger's local SSA office sent Boulanger a Notice of Award ("NOA") indicating that, considering her income since the time her SSA application was filed, she was entitled to $2,285.02 for the period of time beginning August 16, 2000, and ending in October 2002, and that she should receive a check in that amount by October 21, 2002.  The NOA also advised Boulanger that as of February 2002, her spouse's income was sufficient to render her ineligible for SSI benefits, and that no further benefits would be paid.

The NOA advised Boulanger that she had a right to appeal the SSA's determination of her benefits award by filing a particular form within sixty days of the date she received the NOA.  Nothing in the record indicates that Boulanger ever appealed the October 2002 benefits decision.

Boulanger alleges that SSA must have sent the October 2002 benefits award check to a post office box that she no longer used, because she asserts she never received the check.  In 2006, the SSA obtained a copy of the cancelled check and determined that it had been endorsed and cashed, and that the signature on the back was Boulanger's.  Nothing in the record indicates that Boulanger ever appealed the SSA decision not to reissue the check.

## Discussion

The court, construing the complaint and complaint addendum liberally, finds that Boulanger seeks to challenge the SSA's decision to deny her SSI benefits, pursuant to 42 U.S.C. § 405(g), and/or to state a claim under the Administrative Procedures Act, 5 U.S.C. § 706 ("APA"), challenging the authority of the SSA to deny her benefits.

### I.    Section 405(g) Claim

Under 42 U.S.C. § 405(g), a claimant must exhaust her administrative remedies on the denial of benefits, obtain a final decision of the SSA Commissioner, and file a timely action in federal court.  See Wilson v. Sec'y of Health & Human Servs., 671 F.2d 673, 677 (1st Cir. 1982).  Nothing in the record suggests that Boulanger exhausted her remedies, either as to the

determination that she was not entitled to benefits after February 2002, or as to the SSA decision not to reissue the October 2002 check.  Boulanger's claims pursuant to section 405(g) should thus be dismissed.

II.  APA Claim

A six-year statute of limitations applies to claims against the United States, see 28 U.S.C. § 2401, including actions brought under the APA.  See Narragansett Elec. Co. v. U.S. Envtl. Prot. Agency, 407 F.3d 1, 5 (1st Cir. 2005).  Boulanger's complaint demonstrates that she knew both that she was denied certain benefits in October 2002, and that the SSA had failed to pay her $2285.02 by the end of that month, when the promised check did not arrive.  In or around February 2006, the SSA confirmed that the check had been issued, submitted for payment, and appeared to bear her signature.  Boulanger did not file her lawsuit until April 2013, more than six years later. Accordingly, Boulanger's APA claims are untimely and should be dismissed.

## Conclusion

For the foregoing reasons, this action should be dismissed in its entirety.  Any objections to this report and recommendation must be filed within fourteen days of receipt of

this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

November 25, 2013

cc:  Melissa A. Boulanger, pro se